LOTTINGER, Judge.
The petitioner filed this suit alleging that defendant was indebted to him in the sum of $270 for work performed by petitioner on the farm of defendant, Gustave West. Petitioner further asks for a Writ of Sequestration against the rice crop of the defendant. The said Writ of Sequestration was issued and was later released upon defendant furnishing a release bond. Defendant then filed answer denying the claim of petitioner, and, in reconvention, claimed that petitioner was indebted to him in the sum of $521.70, and, deducting the $270 claimed by petitioner from said figure, leaves a net balance due defendant in the sum of $251.70, for which he asks for judgment in his favor. The Lower Court awarded judgment in favor of petitioner in the sum of $270, as prayed for, and the defendant has taken a devolutive appeal. The record discloses that the parties to this action were engaged in farming of rice in the Parish of Evangeline, Louisiana. It was the custom to swap equipment and labor. The facts disclose that petitioner *841 would lend a tractor and operator to defendant, for work on defendant’s farm, and that defendant would reimburse petitioner by lending a tractor and laborer to petitioner for work on petitioner’s farm. It was stipulated by counsel that the value of a tractor and operator for one day’s work was in the amount of $40.
Petitioner contends that, during the month of November, 1948, he loaned his tractor and his son, who operated the tractor, to defendant for a total of 10}4 days. In return, the defendant loaned petitioner a tractor and operator for a period of 3J4 days during the latter part of November, 1959. Petitioner claims, therefore, that defendant is indebted to him for the balance of days, which, at the rate of $40 per day, equals a net amount of $270.
In his answer, defendant claims that he loaned his tractor and operator, as well as other laborers, and a plow to petitioner for a period which would total to $440, and that, in addition thereto, defendant claims that petitioner owes him for grease, oil and gas, as well as board and lodging in the sum of $101.70, making a total amount claimed by defendant of $521.70.
Of course there is much conflicting testimony in the record. It appears that the petitioner farmed a total of approximately 40 to 45 acres, whereas the defendant farmed a total of approximately 170 to 175 acres. The petitioner and his son were each certain that they furnished the tractor and operator to defendant for a total of 10^4 days, while the defendant reciprocated for only 314 days. There is further testimony in the record, by the defense witnesses, to the effect that defendant furnished a tractor and operator for some period of time in cleaning out a canal which was on the land farmed by petitioner. However the evidence discloses that this canal was used to the benefit of several farmers in the neighborhood, and that benefits therefrom were reaped by the defendant.
The Lower Court evidently believed the evidence of the petitioner, as it awarded judgment in the amount claimed by petitioner. In the absence of manifest error, the Lower Court will not be reversed by the Appellate Court, and we certainly do not find any manifest error in the record. Considering the difference in the acreage owned by the respective parties as well as the evidence as a whole, it appears that the petitioner did prove his case by a preponderance of the evidence. We find no error in the judgment below, and, accordingly, same will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.